**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **LAURA YAJAIRA MARTINEZ-GARAY,** | § § § | |
| **Petitioner,** | § § § | |
| **v.** | § § | **CAUSE NO. EP-26-CV-1639-KC** |
| **JOEL GARCIA, et al.,** | § § § | |
| **Respondents.** | § § | |

**ORDER**

On this day, the Court considered Laura Yajaira Martinez-Garay's Petition for a Writ of Habeas Corpus, ECF No. 1. Martinez-Garay is held in immigration detention at the El Paso Service Processing Center in El Paso, Texas. *Id.* at 3. She argues that her detention is unlawful and asks the Court to order her release. *Id.* ¶¶ 72–115; *id.* at 27.

Martinez-Garay entered the United States when she was three years old in 2004 without inspection and has been in the country ever since. *Id.* ¶ 18. In 2022, she filed a Form I-918 Petition and received a bona fide determination in 2024. *Id.* ¶ 19. As a result of her bona fide determination, she received deferred action and employment authorization. *Id.* ¶ 20. On May 18, 2026, Martinez-Garay was arrested by immigration authorities on her way to work and detained. *Id.* ¶ 22. In its Show Cause Order, ECF No. 2, the Court noted that, "[a]s alleged, [Martinez-Garay's] case appears materially indistinguishable from several others in which this Court has found a procedural due process violation. *See, e.g.*, *Martinez v. Noem*, No. 3:25-cv-430-KC, 2025 WL 2965859, at *1–5 (W.D. Tex. Oct. 21, 2025)." Show Cause Order 1. The Court thus asked Respondents to engage with its prior decisions and "explain whether the facts of Martinez-Garay's case warrant a different outcome." *Id.* at 1–2.

Respondents argue that Martinez-Garay's case must be dismissed following *Buenrostro-Mendez v. Bondi*, --- F.4th ----, 2026 WL 323330 (5th Cir. Feb. 6, 2026).[1]  Resp. 1, ECF No. 4.

Martinez-Garay argues that her detention without an opportunity for a meaningful individualized custody determination is unlawful on statutory grounds, as well as constitutional due process grounds.  Pet. ¶¶ 72–115.  The *Buenrostro-Mendez* panel opinion held that the statute does not entitle people in Martinez-Garay's position to a bond hearing when they are detained pending removal proceedings.  *Buenrostro-Mendez*, 2026 WL 323330, at *1.  Therefore, Respondents are correct that *Buenrostro-Mendez* requires denial of the Petition in part as to Martinez-Garay's statutory claim.

However, as this Court has previously stated, the *Buenrostro-Mendez* court did not reach the due process question, confining its analysis and holding to statutory interpretation.  *Gomez Hernandez v. ICE Field Off. Dir., El Paso, Tex.*, No. 3:26-cv-67-KC, 2026 WL 503958, at *2 (W.D. Tex. Feb. 23, 2026) (citations omitted).  "Thus, '*Buenrostro-Mendez* has no bearing on this Court's determination of whether [a habeas petitioner] is being detained in violation of her constitutional right to procedural due process.'"  *Id.* at *2 (citations omitted).  Other "[f]ederal district courts in Texas have also made this finding subsequent to the Fifth Circuit issuing its opinion in Buenrostro-Mendez."  *Ochoa v. Vergara*, No. 1:26-cv-266-RP, 2026 WL 482211, at *3 (W.D. Tex. Feb. 20, 2026) (collecting cases).

---

[1] Respondents were ordered to show cause why the Petition should not be granted by June 22, 2026.  *See* Show Cause Order 2.  When that deadline elapsed and Respondents did not file any response, the Court ordered them to do so by June 24 and show cause for their failure to comply with the June 22 deadline.  *See* June 23, 2026, Order, ECF No. 3.  Respondents have now filed their Response, but do not mention their failure to comply with the original deadline, let alone provide an explanation.  The Court **CAUTIONS** Respondents and their attorneys that they are required to comply with all Court-ordered deadlines, and in the event that a deadline is missed, they are expected to provide an adequate explanation.

2

And the Court has already rejected the rest of Respondents' arguments or else need not reach them. *Compare* Resp. 1–25, *with, e.g.*, *Gomez Hernandez*, 2026 WL 503958, at *1–3; *Lala Barros v. Noem*, No. 3:25-cv-488-KC, 2025 WL 3154059, at *1–6 (W.D. Tex. Nov. 10, 2025); *Erazo Rojas v. Noem*, No. 3:25-cv-443-KC, 2025 WL 3038262, at *1–5 (W.D. Tex. Oct. 30, 2025); *Martinez*, 2025 WL 2965859, at *1–5; *Santiago v. Noem*, No. 3:25-cv-361-KC, 2025 WL 2792588, at *10–13 (W.D. Tex. Oct. 2, 2025); *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 674–88 (W.D. Tex. 2025). Because Respondents have not identified any material differences between Martinez-Garay's case and this Court's prior decisions, and *Buenrostro-Mendez* has no bearing on Martinez-Garay's procedural due process claim, it follows that the same result is warranted here. *See generally* Resp.

Thus, after careful consideration of the entire record,[2] and for reasons explained at length in *Lopez-Arevelo*, *Santiago*, *Martinez*, *Erazo Rojas*, *Lala Barros*, *Gomez Hernandez*, and this Court's many other decisions involving habeas claims brought by petitioners subject to mandatory detention under the Government's new interpretation of 8 U.S.C. § 1225(b), Martinez-Garay's Petition is **GRANTED IN PART** on procedural due process grounds.[3]

The Court **ORDERS** that, **on or before July 2, 2026**, Respondents shall either: (1) provide Martinez-Garay with a bond hearing before an IJ, at which the Government shall bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, Martinez-Garay's continued detention; or (2) release Martinez-Garay from custody, under reasonable conditions of supervision.

---

[2] The relevant facts are undisputed, *see* Resp. 3–4, and the Court grants relief without a hearing. *See Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (citations omitted).

[3] As to Martinez-Garay's requested relief—immediate release or a bond hearing—*Buenrostro-Mendez* does not change the Court's analysis of the appropriate remedy either. *See, e.g.*, *Bonilla Conforme v. de Anda-Ybarra*, No. 3:26-cv-263-KC, 2026 WL 381110, at *3 (W.D. Tex. Feb. 11, 2026) (citing *Lala Barros*, 2025 WL 3154059, at *5 n.1).

3

**IT IS FURTHER ORDERED** that, **on or before July 2, 2026**, Respondents shall **FILE** notice informing the Court whether Martinez-Garay has been released from custody. If Martinez-Garay has not been released from custody, Respondents shall inform the Court whether and when a bond hearing was held in accordance with the preceding paragraph. Respondents shall further inform the Court, in detail, of the reasons for the IJ's decision.

**IT IS FURTHER ORDERED** that if Martinez-Garay is released from custody, Respondents shall **RETURN** all of her personal property in their custody, without which her liberty interest will be affected, to her upon release. Such property includes, but is not limited to, identification documents.

**There will be no extensions of the July 2, 2026, deadlines,** unless they fall on a weekend or a holiday, in which case, the deadlines are extended to the following business day.

**Respondents are CAUTIONED that a proceeding in which bond is denied by the IJ for lack of jurisdiction does not satisfy Respondents' obligation to provide a bond hearing in compliance with this Order, and therefore requires release from custody**.

**SO ORDERED**.

**SIGNED this 25th day of June, 2026.**

_Kathleen Cardone_

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

4